## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIAN CARLO JESUS LAYNES HIDALGO, | Case No. 26–cv–07348–ESK |
| Petitioner, | |
| v. | OPINION AND ORDER |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on petitioner Gian Carlo Jesus Laynes Hidalgo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1. Petitioner is a citizen of Peru.   (ECF No. 1 ¶ 15.)   He entered the United States on or about August 26, 2022.   (*Id*. ¶ 16.)

2. He was detained by border patrol and processed for expedited removal.   (ECF No. 5–2 p. 4.)   He was ordered removed on September 5, 2022. (ECF No. 5–3.)

3. On September 16, 2022, petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(A).   (ECF No. 1–3 p. 2.)   Petitioner's parole was valid for one year.   (*Id.*)

4. Petitioner applied for asylum on or about December 5, 2024.   (ECF No. 1 ¶ 18.)

5. The United States Citizenship and Immigration Service dismissed the asylum application on May 29, 2025.   (ECF No. 1–4 p. 2.)

6. The Department of Homeland Security (Department) detained petitioner on June 15, 2026 and took him to Delaney Halll Detention Center. (ECF No. 5–1 p. 4.)

7. Petitioner filed the Petition on June 18, 2026 arguing that he is being illegally detained pursuant to 8 U.S.C. § 1225(b)(1).   (ECF No. 1 p. 2.)

8. Respondents assert that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) because he was "(i) apprehended at a port of

entry or near the border, (ii) placed into expedited removal proceedings, and (iii) expressed a fear of persecution." (ECF No. 5 p. 1.) "Because [p]etitioner is pending a credible fear interview, he was taken into custody 'pending a final determination of credible fear.'" (*Id.* pp. 1, 2 (quoting 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).)

9.    Petitioner argues that § 1225(b)(1) does not apply to him because that statute "is limited to arriving noncitizens and, through the designation provision, to certain noncitizens who have not been admitted or **paroled** into the United States and who cannot show continuous physical presence for the two years immediately preceding the inadmissibility determination." (ECF No. 1 p. 2 (emphasis in original).)

10.    District courts, with limited exceptions, do not have "jurisdiction to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

11.    Here, I may only determine whether petitioner is a noncitizen, whether he was ordered removed pursuant to § 1225(b)(1), and whether he "can prove by a preponderance of the evidence that he is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)–(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

12.    "Only the second situation—*i.e.*, whether petitioner was ordered removed—is relevant to the Petition. This 'review should only be for whether an immigration officer issued that piece of paper and whether the [p]etitioner is the same person referred to in that order.'" *Paez-Paez v. Blanche*, No. 26–cv–07285, 2026 WL 1831629, at *1 (D.N.J. June 25, 2026) (quoting *Castro*, 835 F.3d at 431) (alteration in original).)

13.    The Notice and Order of Expedited Removal dated September 5, 2022 (Order) has been filled out and signed by an immigration officer and supervisor. (ECF No. 5–3 p. 2.) An expedited removal order becomes final when it has been reviewed and approved by the appropriate supervisor. 8 C.F.R. § 235.3(b)(7).

14.    Petitioner provides no support for his allegation that the Order is "incomplete." (ECF No. 1 ¶ 28.) He does not assert that he is not the person named in the Order, only that the Order is "stale" and cannot be enforced. (ECF No. 6 p. 13.) Pursuant to *Castro*, my review of the Order ends there.

15.    Petitioner also raises arguments that he cannot be detained pursuant to § 1225(b)(1) because Congress limited expedited removal to noncitizens who have been in the United States for less than two years and to

noncitizens that have not been paroled into the United States.   (*Id.* pp. 12, 13, 14.)

16.   I have no jurisdiction to reach these arguments under the current facts.   Now that there is an administratively final removal order, petitioner's detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it."   *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) ("[Petitioners] do not contest that the [expedited removal] order was issued or that it relates to them; rather, their claim is that the [expedited removal] order is being illegally applied to them. No fair reading of *Castro* permits that inquiry.")

Accordingly,

**IT IS** on this   **29th** day of **June 2026**   **ORDERED** that:

1.   The Petition at ECF No. 1 is **DISMISSED FOR LACK OF JURISDICTION**.

2.   The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3